UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ARDEN J. LEA | CIVIL ACTION NO. 10-1371 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| FAULCONER ENERGY JOINT VENTURE — 1990 LLP | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Defendant Faulconer Energy Joint Venture — 1990, LLP ("Defendant") removed this action from the Second Judicial District Court for the Parish of Claiborne, State of Louisiana, based on an assertion of diversity jurisdiction. See Record Document 1. Defendant alleges it is "a corporation organized under the laws of the State of Texas with its principal place of business in Texas," Id. at ¶ 5, but its name suggests that it is a limited liability partnership rather than a corporation. Defendant's allegations are thus insufficient to satisfy Defendant's burden of establishing diversity jurisdiction.

In Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the United States Supreme Court held that a diversity jurisdiction in a suit by or against an entity depends on the citizenship of "all the members." Thus, where a limited partnership is a party, the district court must consider the citizenship of each partner, both limited and general. See id. Neither the state of organization nor the principal place of business is relevant. If partners are themselves partnerships, limited liability companies, or other form of business entity, the citizenship must be traced through however many layers of members or partners there may be, and failure to do

so can result in dismissal for want of jurisdiction.  See, e.g., Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir.2002) and Hicklin Engineering, LLC v. Bartell, 439 F.3d 346 (7th Cir.2006) (court "needs to know each member's citizenship, and if necessary each member's members' citizenships").  The need for such detail was demonstrated in Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the Fifth Circuit refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership.

Accordingly, Defendant is **ordered** to file an Amended Notice of Removal addressing this issue no later than **Friday, September 17, 2010.**  Defendant shall identify its organizational form and, if Defendant is in fact a limited liability partnership rather than a corporation, shall allege the citizenship of each partner, both general and limited.

Once Defendant has assured the Court that there is a basis for the exercise of diversity jurisdiction and has filed an answer to Plaintiff's petition, the Court will set a scheduling conference to discuss a trial date and related deadlines.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 2nd day of September, 2010.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE