UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ARDEN J. LEA | CIVIL ACTION NO. 10-1371 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| FAULCONER ENERGY JOINT VENTURE — 1990 LLP | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion to Remand [Record Document 12] filed on behalf of the Plaintiff, Arden J. Lea ("Plaintiff"). Plaintiff claims this action should be remanded to the Second Judicial District Court for the Parish of Claiborne, State of Louisiana, because Defendant failed to properly and fully allege the "citizenship" of its individual members. In addition, Plaintiff claims Faulconer Energy Corporation, a member of the Defendant entity, appears to be a dual citizen of Texas and Louisiana and, therefore, that removal was improper due to the "forum defendant rule." Id.

In response to Plaintiff's motion to remand, Defendant filed a Second Amended Notice of Removal [Record Document 14] to properly and fully allege the "citizenship" of its individual members. Furthermore, Defendant submitted the affidavit of Jean Crawley, Vice President – Land and Administration, and Secretary, of Faulconer Energy Corporation, in which she attests that the "nerve center" of Faulconer Energy Corporation is Tyler, Texas and provides detailed factual allegations in support thereof. [Record Document 15, Crawley Affidavit ¶¶ 21-51].

Accordingly, having carefully reviewed Defendant's Second Amended Notice of Removal and the affidavit of Jean Crawley, and applying the Supreme Court's recent decision in Hertz Corp. v Friend, 130 S.Ct. 1181, 1192 (Feb. 23, 2010),[1] the Court is satisfied that removal was proper under 28 U.S.C. § 1441.  Therefore,

**IT IS ORDERED** that the Plaintiff's Motion to Remand [Record Document 12] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 25th day of October, 2010.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[1] In Hertz, the Supreme Court adopted the "nerve center" test for determining the citizenship of a corporation.  130 S.Ct. at 1192-94.  Under this approach, a corporation's "principal place of business" is the place where a corporation's officers direct, control, and coordinate the corporations activities.  Id., 130 S.Ct. at 1192.